UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANNY FONTANEZ,

    Plaintiff,

v.                                            CASE NO.: 8:25-cv-02528

AMAZON.COM SERVICES, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MANNY FONTANEZ, (hereinafter "Plaintiff" or "Mr. Fontanez"), a Florida resident, by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, AMAZON.COM SERVICES, LLC (hereinafter "Defendant" or "Amazon"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §2601 et seq. ("FMLA").

2. This Court has jurisdiction over Plaintiff's FMLA claims under 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in the Middle District of Florida because the events giving rise to the cause of action occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff, MANNY FONTANEZ, is a resident of Hillsborough County, Florida.

5. Defendant, AMAZON.COM SERVICES, LLC, is a For-Profit Corporation principally located at 410 Terry Avenue North, Seattle, Washington 98109.

6. At all times material, Defendant operated and continues to operate a Fulfillment Center located at 8727 Harney Road, Tampa, Florida 33637.

7. Defendant is subject to the jurisdiction of this Court as it conducted business in this District and hired Plaintiff to work in this District.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. In November 2021, Amazon hired Manny Fontanez as a Tier 1 Associate at its Temple Terrace Fulfillment Center.

10. In February 2022, Amazon promoted Mr. Fontanez to a Process Assistant and tasked him with overseeing staffing, metrics, and timely package deliveries.

11. Sometime in 2024, Mr. Fontanez began suffering from alcohol-related substance abuse.

12. In and around December 30, 2024, Mr. Fontanez requested job-protected leave under the Family Medical Leave Act ("FMLA") to receive treatment for alcohol-related substance abuse.

13. On January 29, 2025, Amazon approved Mr. Fontanez's FMLA leave to retroactively start from December 30, 2024, through March 9, 2025, thereby allowing him to take nine weeks and six days of job-protected leave.

14. As a result, Mr. Fontanez was still entitled to FMLA leave for an additional 2 weeks and one day as of March 9, 2025.

15. On March 2, 2025, Mr. Fontanez was admitted to a rehabilitation facility to continue receiving treatment for alcohol-related substance abuse.

16. On March 4, 2025, Mr. Fontanez requested an extension of his FMLA leave from March 10, 2025, through March 24, 2025, to continue receiving treatment for his serious medical condition.

17. On March 5, 2025, Amazon emailed Mr. Fontanez claiming that he exhausted his entitlement to FMLA leave as of March 17, 2025. In reality, Mr. Fontanez's entitlement to FMLA leave would not have been exhausted until March 24, 2025, twelve weeks after his leave began on December 30, 2024.

18. Nevertheless, Amazon requested that Mr. Fontanez complete a Behavioral Health Physician Statement to determine if he could be eligible for additional leave.

19. On March 24, 2025, Mr. Fontanez signed and completed the medical release and forms provided by Amazon, submitting documentation in support of his request for an extension of his FMLA leave.

20. On March 26, 2025, Amazon terminated Mr. Fontanez from his position claiming that he had consecutive no call no show absences on March 16th, March 17th, March 18th, March 19th, March 23rd, and March 24th. However, this is wholly untrue because Mr. Fontanez was eligible and entitled to FMLA protection until March 24, 2025.

21. On April 1, 2025, the rehabilitation facility released Mr. Fontanez. When Mr. Fontanez got his phone back from the facility, he saw that he had received a notification from Amazon that he had been terminated.

22. On the same day, Mr. Fontanez tried to file an appeal via Amazon's A to Z application but could not do so because Amazon had revoked his login credentials. At that time, Mr. Fontanez was attempting to return to his role as Process Assistant.

23. On April 7, 2025, Mr. Fontanez called Amazon's Employment Resource Center and explained that he had taken approved FMLA leave but he had been terminated for taking such leave.

24. An unknown male representative told Mr. Fontanez that this was an oversight because the wrong box was checked during the process, that this mistake would be reviewed, and Mr. Fontanez would be reinstated.

25. On April 9, 2025, Mr. Fontanez received a call from Amazon stating that there was no documentation on file for his approved FMLA leave, and that Amazon's decision to terminate him would stand.

26. Mr. Fontanez has incurred attorney's fees and costs in filing this claim.

## COUNT I
## INTERFERENCE WITH TAKING MEDICAL LEAVE
## IN VIOLATION OF THE FMLA

27. Plaintiff, MANNY FONTANEZ, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

28. Plaintiff brings an action under the FMLA for Defendant's interference in his ability to take medical leave.

29. Plaintiff satisfied all prerequisites to take approved medical leave under the FMLA.

30. On or about December 30, 2024, Mr. Fontanez requested FMLA leave from Defendant to receive treatment for alcohol-related substance abuse.

31. On January 29, 2025, Defendant retroactively approved Mr. Fontanez's request for FMLA leave, effective from December 30, 2024, through March 9, 2025.

32. On March 4, 2025, Mr. Fontanez requested an extension of FMLA leave from March 10, 2025, through March 24, 2025, to continue receiving treatment for his serious medical condition.

33. On March 5, 2025, Amazon emailed Mr. Fontanez claiming that he exhausted his entitlement to FMLA leave as of March 17, 2025, even though Mr. Fontanez was eligible for and entitled to FMLA leave until March 24, 2025.

34. Nevertheless, on March 26, 2025, Defendant interfered with Mr. Fontanez's entitlement to FMLA leave when it terminated Plaintiff for alleged no call no show absences on March 16th, March 17th, March 18th, March 19th, March 23rd, and March 24th.

35. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered loss of employment, past and future pecuniary losses, loss of benefits, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

WHEREFORE, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An equal award of Liquidated damages;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs; and

E. All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
## RETALIATION FOR TAKING MEDICAL LEAVE
## IN VIOLATION OF THE FMLA

36. Plaintiff, MANNY FONTANEZ, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

37. Plaintiff brings an action under the FMLA for Defendant's retaliation against him for requesting to take medical leave under the FMLA.

38. Plaintiff asked to extend his FMLA leave to receive treatment for alcohol-related substance abuse.

39. Defendant denied Plaintiff's request to extend his FMLA leave even though Plaintiff was eligible for and entitled to additional leave.

40. On March 26, 2025, Defendant terminated Mr. Fontanez in retaliation for requesting an extension of his FMLA leave on March 4, 2025.

41. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered loss of employment, past and future pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An equal award of Liquidated damages;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs; and

E. All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 19th day of September, 2025.

Respectfully submitted by:

*/s/ Gary L. Printy, Jr., Esq.*
Gary L. Printy, Jr., Esq.
Florida Bar No. 41956
**THE PRINTY LAW FIRM**
5407 N Florida Ave
Tampa, Florida 33604
Telephone (813) 434-0649
Fax (813) 423-6543

garyjr@printylawfirm.com
e-service@printylawfirm.com
*Lead Counsel for Plaintiff*